UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHAUNCEY MCDANIEL                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:14CV610 DPJ-FKB

O'REILLY AUTOMOTIVE STORES, INC.                                          DEFENDANT

ORDER

This personal-injury action is before the Court on motion of Defendant O'Reilly Automotive Stores, Inc. for partial summary judgment [19]. The question is whether the voluntary dismissal without prejudice of an employee precludes a respondeat superior claim against the employer. The Court, having considered the parties' submissions, finds that Defendant's motion for partial summary judgment [19] should be denied.

I.      Facts and Procedural History

Plaintiff Chauncey McDaniel filed this suit in state court against O'Reilly and its employee, Tatijana Robinson, asserting negligence and gross-negligence claims stemming from a motor-vehicle accident. He alleges that Robinson negligently operated her truck and that O'Reilly is vicariously liable for Robinson's acts. McDaniel further contends that O'Reilly was itself negligent for hiring/employing Robinson, "a young and inexperienced driver." Compl. at 11.

Robinson, a resident of Tennessee who is deployed to Kandahar, Afghanistan, with the Tennessee National Guard, removed the case to this Court based on diversity jurisdiction. In her notice of removal, Robinson reserved her right to defend based on insufficient service of process, stating that "[a] return of service was filed by Plaintiff on July 15, 2014, alleging that, after exercising reasonable diligence the process server was unable to deliver the summons and

complaint on Tatijana Robinson, the process server served the summons and complaint with Tony Bigham who was the 'co-resident' . . . ." Notice of Removal [1] at 4.

Soon thereafter, McDaniel voluntarily dismissed his claims against Robinson without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  The dismissal occurred before Robinson filed an answer or a motion for summary judgment.  O'Reilly now contends that the dismissal foreclosed the vicarious liability claim and seeks partial summary judgment on that basis.  It does not seek summary judgment as to the negligence claims against it.  The Court has subject-matter jurisdiction and is prepared to rule.

II.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  Here, the facts are undisputed, but the parties disagree on the interpretation and application of the law to those facts.

III.    Analysis

O'Reilly seeks summary judgment of McDaniel's vicarious liability claims against it under *J & J Timber Co. v. Broome*, because "the injured party's release of an employee extinguishes all claims of vicarious liability against the employer." 932 So. 2d 1, 7–8 (Miss. 2006).  For the reasons that follow, the Court declines to extend the *J & J Timber* holding to voluntary dismissals without prejudice.

Under the respondeat superior doctrine, an employer and its employee are jointly and severally liable for injury caused by the employee's negligence.  *Sykes v. Home Health Care Affiliates, Inc.*, 125 So. 2d 107, 109 (Miss. 2013).  A plaintiff in a respondeat superior action may

sue either the employer, the employee, or both. *Id.* And "[a]t common law, an employer's vicarious liability in a respondeat superior action gives rise to a right of indemnification from the employee to compensate the employer for damages paid to an injured party." *Id.* at 110. Here, McDaniel initially sued the employer and the employee, but voluntarily dismissed the employee.

In *J & J Timber*, a log-truck driver collided with the plaintiff's bus, and the plaintiff settled with the driver agreeing to indemnify him against third-party claims. 932 So. 2d at 2. The Mississippi Supreme Court concluded that once the plaintiff discharged the driver, "the purely derivative vicarious liability claim against J & J Timber became barred." *Id.* at 6. The court explained:

> Where a party's suit against an employer is based on *respondent superior,* the vicarious liability claim itself is extinguished when the solely negligent employee *is released*. There can be no assessment of damages against the employer when no action can be brought against the only negligent party—the employee.

*Id.* (emphasis added). The court reasoned that the settlement agreement created a "circle of indemnity," whereby plaintiff's success against the employer would result in an indemnity claim against the employee followed by the employee's indemnity claim against plaintiff. *Id*. at 7. And that "'circle of indemnity' renders [the plaintiff's] claims moot because he would, in effect, pay his own judgment." *Id.*

The release was central to the *J & J Timber* analysis, and it does not appear that a Mississippi court has ever applied *J & J Timber* in the absence of a release. O'Reilly insists, however, that two federal-court cases have done just that. While true, the cases are distinguishable.

First, in *Cranford v. Morgan Southern Co.*, the plaintiff voluntarily dismissed claims against an employee but then asked to withdraw the dismissal. 333 F. App'x 852, 854 (5th Cir.

3

2009).  The district court refused the request and applied *J & J Timber* to the voluntary dismissal. *Id*.  On appeal, the Fifth Circuit held that the district court erred in failing to grant the plaintiff's motion to withdraw the voluntary dismissal, making it "unnecessary . . . to decide whether the district court correctly dismissed the case based on its understanding of *J & J Timber Co.*" *Id.* at 856.  And significantly, the record in *Cranford* failed to indicate whether the dismissal was with prejudice.  *Id*.  The second case, *Smith v. Taylor Propane, Inc.*, did apply *J & J Timber* to a voluntary dismissal, but the dismissal in that case was with prejudice.  Civ. Action No. 2:08-cv-149-KS-MTP, 2009 WL 1851001, *2 (S.D. Miss. June 26, 2009).

Even assuming Mississippi would apply *J & J Timber* to a voluntary dismissal without a settlement and release, the Court does not believe the State would apply it to a standard Rule 41(a)(1)(A)(i) dismissal without prejudice.  The claims against Robinson have never been adjudicated.  And when McDaniel voluntarily dismissed her without prejudice, he simply restored the common joint-and-several-liability status that would allow him to elect among potential defendants.

Finally, O'Reilly notes that the statute of limitations has now run on Robinson.  But that observation does not remedy the lack of a dismissal with prejudice or the type of indemnity issues *J & J Timber* discusses.  *See Fulgham v. AAA Cooper Transp. Co.*, 134 So. 3d 807 (Miss. Ct. App. 2014) (noting that the statute of limitations had expired as to any claim against the employee, but there was "no legal preclusion from litigating [the employee's] alleged negligence as it applies to [the employer's] liability under the doctrine of respondeat superior").

In the end, the Court declines to extend *J & J Timber* to a voluntary dismissal without prejudice.  Accordingly, Defendant's motion is denied.

4

IV.     Conclusion

Based on the foregoing, the Court finds Defendant's motion for partial summary judgment [19] is denied.

**SO ORDERED AND ADJUDGED** this the 24nd day of August, 2015.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE